IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


STANLEY L. HOWARD                                                    PLAINTIFF

          v.                          Civil No. 04-4132

SGT. JANICE NICHOLSON,
OFFICER HAMPTON,
OFFICER HOWARD, and
OFFICER BELL                                                        DEFENDANTS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Stanley L. Howard, who is presently incarcerated in the Arkansas Department of
Correction, brings this pro se civil rights action under 42 U.S.C. § 1983. Howard alleges that
while detained in the Miller County Detention Center, he injured his ankle and was denied
proper medical care for two days.

On October 27, 2005, defendants filed a motion for summary judgment. (Doc. 19-21.)
By order entered on December 19, 2005, Howard was directed to complete, sign, date, and return
an attached questionnaire that would serve as his response to the summary judgment motion.
(Doc. 22.) On January 10, 2006, the plaintiff's response to the summary judgment motion was
filed with the court. (Doc. 23.) The case is currently before the undersigned for the issuance of
this report and recommendation on the summary judgment motion.

### I.  Background

Howard was booked into the Miller County Detention Center (MCDC) on March 30,
2004. On July 20, 2004, he injured his ankle while playing basketball. The officers told Howard
that he would be alright and to go to the barracks. At Howard's request, a trustee brought him

an ice pack to put on his ankle. Because he could not walk on the ankle, food was brought to his bedside. He filed a grievance that day, but did not receive a response. (Doc. 23 at ¶¶ 3-6, 16-17.)

Howard contends that despite making "constant complaints" about his ankle, he was not given any medical care on July 21, 2004, however on July 22, 2004, he was seen by Terry Porter, the jail nurse. Porter noted some swelling around Howard's ankle and that Howard was having some discomfort while walking. Howard was given crutches, his ankle was wrapped, and he was told to keep his ankle elevated. On July 23, 2004, Howard was seen and treated by Dr. Stringfellow, who sent him to the Wadley Regional Medical Center for x-rays of his left ankle. On July 27, 2004, Howard was taken to Dr. Smolarz and provided a walking boot for his ankle. On August 12, 2004, he was again seen by Dr. Smolarz for a follow-up appointment. (Doc. 23 at ¶¶ 5-15.)

Howard is not complaining in this civil action about the treatment he received from Terry Porter, Dr. Stringfellow, or Dr. Smolarz. (Doc. 23 at ¶ 15.) He is claiming that the defendant officers were negligent in rendering their own medical opinions about his ankle without checking his ankle. (Doc. 6 at ¶ 6, Doc. 23 at ¶ 20.) Plaintiff states that he cannot prove that the two-day delay in getting medical care caused harm to his ankle, but he does claim that he was in pain during those two days. (Doc. 23 at ¶ 19.) Plaintiff contends that he had a "high sprain/bone fracture," and that the doctor told him his ankle would "never be the same." (Doc. 23 at ¶ 21.) Plaintiff states, "the officer's [sic] frame of mind [was] that I was FAKING, which shows neglect because they work for a jail, not a hospital, so careless opinions lead [sic] me to be in pain for days." (Doc. 23 at p. 11.)

-2-

AO72A
(Rev. 8/82)

The defendants assert, and plaintiff's agrees, that plaintiff is suing defendants in their official capacities only. (Doc. 23 at ¶ 1.) Plaintiff contends that his injury occurred due to the officers' failure to follow their duties to meet his medical needs when the officers observed the accident occur. (Doc. 23 at ¶ 2.)

## II. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Commerce v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir.1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d 607 *(citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

## III. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the

AO72A
(Rev. 8/82)

United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Official Capacity Claims

In his complaint, Howard does not state in what capacity--official and/or individual--he is suing defendants. Defendants assert that plaintiff has named them in their official capacities only, and plaintiff agrees with this contention. Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the United States Court of Appeals for the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.

*Gorman*, 152 F.3d at 914 (citations omitted).

The United States Court of Appeals for the Eighth Circuit has consistently advised

-4-

AO72A
(Rev. 8/82)

plaintiffs to specifically plead whether government agents are being sued in their official or individual capacities to ensure prompt notice of potential personal liability. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989); *see also Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999) (in actions against officers specific pleading of individual capacity is required to put public officials on notice they will be exposed to personal liability). When the plaintiff fails to state whether he is suing an official in his individual capacity, the United States Court of Appeals for the Eighth Circuit has construed the claim to be against the official in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 620 (8th Cir. 1995) ("*Nix* requires that a plaintiff's complaint contain a clear statement of her wish to sue defendants in their personal capacities. Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient").

While the court has an obligation to construe a pro se complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this requirement that individual-capacity claims be specifically pled has been applied to pro se litigants. *See Taylor v. Roper*, 53 Fed. Appx. 142 (8th Cir. 2003) (unpublished per curiam) (*citing Murphy v. Arkansas*, 127 F.3d 750, 754-55 (8th Cir. 1997) (pleading requirement strictly enforced)).

Defendants assert that plaintiff is only bringing official capacity claims, and in response to this assertion, the plaintiff agrees. As noted above, official capacity claims are the equivalent of claims asserted against the employing entity--here Miller County. Under section 1983, a

-5-

governmental entity may not be held vicariously liable for the unconstitutional acts of employees. A governmental entity, however, may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional custom or policy. *See Doe v. Washington Co.*, 150 F.3d 920, 922 (8th Cir. 1998).

Thus, Miller County would be held liable for defendants' conduct only if it had a policy or custom that caused plaintiff's injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff must show that Miller County "through its deliberate conduct . . . was the 'moving force' behind the injury alleged." *Brown*, 117 S. Ct. at 1388.

"[I]naction or laxness can constitute government custom if it is permanent and well settled." *Tilson v. Forrest City Police Dept.*, 28 F.3d 802, 807 (8th Cir. 1994) (citation omitted). "Such a government custom of laxness or inaction must be the moving force behind the constitutional violation." *Id.*

The plaintiff disagrees with the defendants' assertion that he cannot prove that a Miller County custom or policy violated his constitutional rights. Plaintiff states in his summary judgment response that the officers observed the accident, "but neglected to follow out of their duties to insure my medical needes [sic] was [sic] met." (Doc. 23 at ¶ 2.) Plaintiff fails to point to any written policy stating that the defendants were to deny him medical care, and an allegation of a single incident is insufficient to state a claim of an unconstitutional custom. *See Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999) (single incident normally does not suffice to

-6-

AO72A
(Rev. 8/82)

prove existence of custom). Therefore, Howard has failed to state a claim against defendants in their official capacities for deliberate indifference to his serious medical needs, and thus the summary judgment motion should be granted.

Individual Capacity Claims

Even if the court were to construe Howard's complaint to raise deliberate indifference claims against the defendants in their individual capacities, the action would be subject to the grant of summary judgment.

Howard contends that defendants were deliberately indifferent to his serious medical needs of ankle pain in that defendants failed to procure medical attention for his ankle for two days.

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). Additionally, "'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)). *See also Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) ("To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk,

-7-

a plaintiff must establish that the official in question did in fact know of the risk.").

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992). "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (per curiam) (internal quotation and citation omitted).

"[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). In *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997), the United States Court of Appeals for the Eighth Circuit said:

> As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation. *Id.* at 106, 97 S. Ct. at 292.

*Dulany*, 132 F.3d at 1239. *See also Tlamka v. Serrell*, 244 F.3d 628, 633 (8th Cir. 2001).

The facts agreed upon show that plaintiff was provided ice to place on his ankle soon after he sustained the injury. Also, food was brought to plaintiff's bedside to eliminate his need to walk on the ankle. Within two days after the injury, he was seen by the jail nurse, who provided him with crutches, wrapped the injured ankle, and instructed plaintiff to keep the ankle

-8-

AO72A
(Rev. 8/82)

elevated. The following day he was examined by a physician who ordered x-rays. He was later

seen by another doctor who provided a walking boot, and Howard was taken back to this doctor

for a follow-up appointment approximately two weeks later. These actions show anything but

"deliberate indifference" to plaintiff's injuries and pain. The mere fact that plaintiff was provided

ice for his ankle and not seen by a nurse for a couple of days does constitute deliberate

indifference to his serious medical needs. *See Dulany*, 132 F.3d 1239 (inmates have no

constitutional right to a particular course of treatment). There is no evidence in the record to

suggest that the injury plaintiff suffered appeared to any defendant to be more than an ankle

sprain. *See Blades v. Schuetzle*, 302 F.3d 801, 804 (8th Cir. 2002) (deliberate indifference is

determined with regard to official's knowledge at time in question, not with hindsight's perfect

vision). The prison officials' failure to seek medical care immediately is no more than

negligence, as alleged by the plaintiff, and does not constitute deliberate indifference. *See Jolly*,

205 F.3d 1096 (to succeed on deliberate-indifference claim, plaintiff must show more than

negligence or gross negligence). Therefore, even if the court were to construe plaintiff's

complaint as alleging individual-capacity claims against the defendants, the court should still

grant defendants' motion for summary judgment.

## IV. Conclusion

Therefore, I recommend granting the summary judgment motion and dismissing this

action.

**The parties have ten days from receipt of this report and recommendation in which

to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

AO72A
(Rev. 8/82)

**written objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 10th day of August 2006.

/s/ **Bobby E. Shepherd**

_____
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**